Peter C. KELLEHER, Plaintiff,

v.

BOISE CASCADE CORPORATION, Defendant.

Civ. No. 87–0058–P.

United States District Court, D. Maine.

May 3, 1988.

---

4. Memorandum Opinion March 29, 1988, pp. 855–56.

Joseph G. Abromovitz, George F. Leahy, Boston, Mass., for plaintiff.

James M. Bowie, Portland, Guy G. Hurlbutt, Boise, Idaho, for defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNTS V AND XIII

GENE CARTER, District Judge.

Plaintiff, a commercial diver, seeks to recover for injuries he sustained while diving at Defendant's paper mill in Rumford, Maine. The Court dismissed previously the consortium claims brought by Plaintiff's wife and children. *See* Memorandum of Decision and Order Granting Defendant's Motion to Dismiss of January 5, 1988. Defendant now moves for summary judgment on Counts V and XIII. Plaintiff has filed an objection and a cross-motion for summary judgment on the said counts.

Both Counts V and XIII are claims for punitive damages. Count V requests punitive damages as a result of Defendant's alleged failure to warn Plaintiff of the dangers associated with diving in the run-off tanks in the effluent treatment system of Defendant's mill. Count XIII asserts that Plaintiff is entitled to punitive damages as a result of Defendant's "wanton, gross, outrageous and express or implied malicious conduct" in maintaining the run-off tank.

Under Maine law, "a plaintiff may recover exemplary damages based upon tortious conduct only if he can prove by clear and convincing evidence that the defendant acted with malice." *Tuttle v. Raymond,* 494 A.2d 1353, 1363 (Me.1985). Great circumspection is required where summary judgment is sought on an issue involving malice, since a defendant's state of mind is difficult to prove. *Hahn v. Sargent,* 523 F.2d 461, 468 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976) (citing *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962)). However, simply because Plaintiff has asserted a cause of action to which Defendant's state of mind is a material element does not entitle him to a trial. *Id.* "There must be

some indication that he can produce the requisite quantum of evidence to enable him to reach the jury with his claim." *Id.* (citing *Washington Post Co. v. Keogh,* 365 F.2d 965 (1966)). Since there is no indication that Defendant acted with malice, let alone evidence sufficient to meet the elevated "clear and convincing" standard, Defendant is entitled to summary judgment on the punitive damage counts.

Defendant's "gross negligence or mere reckless disregard of the circumstances" does not entitle Plaintiff to punitive damages. *Tuttle,* 494 A.2d at 1361. Plaintiff cannot recover punitive damages unless Defendant acted with malice. *Id.* The Law Court has set forth two instances in which malice may be found to exist. First, malice exists: "where the defendant's tortious conduct is motivated by ill will toward the plaintiff"; or second:

> where deliberate conduct by the defendant, although motivated by something other than ill will toward any particular party, is so outrageous that malice toward a person injured as a result of that conduct can be implied. We emphasize that, for the purpose of assessing punitive damages, such 'implied' or 'legal' malice will *not* be established by the defendant's mere reckless disregard of the circumstances.

*Id.* (citations omitted) (emphasis in original).

■ The facts which Plaintiff alleges in his opposition to Defendant's motion may indicate that Defendant acted recklessly, but they do not in any way indicate that Defendant acted with malice. Plaintiff alleges that Defendant knew the diving helmets leaked due to sediment buildup on the exhaust valve diaphragm, that the total suspended solids in the effluent treatment system exceeded the EPA limits by many times, that coliform bacteria were present in the effluent, and that Defendant did not warn Plaintiff of the potential dangers. There is simply no evidence indicating that Defendant's conduct was motivated by ill will toward Plaintiff. Further, while the facts alleged may indicate that Defendant acted recklessly, the factfinder could not imply malice as a result of Defendant's conduct. "[R]eckless conduct alone cannot satisfy the element of malice necessary to justify an exemplary award." *Id.* at 1364.[1] The Court is confident that there is no genuine issue of material fact as to this issue.

■ Plaintiff raises a choice-of-law argument, and asserts that this Court should adopt the law of Defendant's corporate domicile regarding punitive damages, citing *In re Aircrash Disaster Near Chicago, Illinois on May 25, 1979,* 644 F.2d 594, 613 (7th Cir.), *cert. denied,* 454 U.S. 878, 102 S.Ct. 358, 70 L.Ed.2d 187 (1981). However, *Aircrash* does not support Plaintiff's argument. The Seventh Circuit refused to permit punitive damages and applied the law of Illinois, the place of the injury. *Id.* at 616. The court did not apply the law of Missouri, the defendant's corporate domicile. *Id.* at 616. Moreover, this Court must follow Maine's choice-of-law rules. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). Maine courts would apply Maine law under these circumstances since Maine has the most significant contacts. *Adams v. Buffalo Forge Co.,* 443 A.2d 932, 934–35 (Me.1982). The incident occurred in Maine, all of the activities associated with the incident took place in Maine, Defendant's plant is located in Maine, and Plaintiff brought his action in Maine. Maine also has a strong interest in protecting workers injured in Maine plants. Therefore, this Court should apply Maine law; there is no need to address whether Plaintiff might be entitled to punitive damages under Idaho law.

---

**1.** In *Tuttle,* the Law Court reversed a punitive damage award to a woman seriously injured in an automobile accident, despite the fact that the defendant ran a red light and was driving at such an excessive rate of speed in a 25 m.p.h. zone that the impact of the collision sheared the plaintiff's Plymouth in half. *Id.* at 1354. The Court found that there was no justification for punitive damages, since the defendant's negligence was unaccompanied by malice. *Id.* at 1362. Similarly, Plaintiff in the case at bar has alleged facts which, if true, indicate Defendant acted recklessly, but do not show malice, either express or implied.

Accordingly, Defendant's Motion for Summary Judgment on Counts V and XIII is hereby GRANTED. Plaintiff's Cross–Motion for Summary Judgment is hereby DENIED.

So ORDERED.